JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID HOLBROOK, *et al.*,<br><br>        Defendants. | Case No. 2:24-cv-03213-FLA (PDx)<br><br>**ORDER DISMISSING ACTION** |

On February 21, 2024, Robert L. Davis ("Plaintiff") filed a Complaint pursuant to 42 U.S.C. § 1983 against the California Department of Corrections and Rehabilitations ("CDCR") and David Holbrook, Chuckawalla Valley State Prison Warden ("Warden Holbrook"), in the United States District Court for the Northern District of California. Dkt. 1 ("Compl."). On April 15, 2024, the case was transferred to this district because the events alleged in the Complaint occurred here. Dkt. 9. On May 28, 2024, Plaintiff's request to proceed without prepayment of fees was granted. Dkt. 12.

Plaintiff alleges that the CDCR and Warden Holbrook violated his due process and equal protection rights under the Fourteenth Amendment by denying his request for family visitation privileges. Compl. at 3, 5.[1] Plaintiff also asserts state law claims for negligence and intentional infliction of emotional distress against Defendants. *Id.* at 6. Plaintiff seeks compensatory and punitive damages. *Id.*

On June 26, 2024, the court issued a screening order dismissing the Complaint with leave to amend. Dkt. 17. The court dismissed the claims against the CDCR because it is entitled to immunity under the Eleventh Amendment for claims brought under 42 U.S.C. § 1983 in federal court. *See Brown v. California Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (holding that the CDCR is entitled to Eleventh Amendment immunity). Dkt. 17 at 5–6. The court also dismissed the claims against Warden Holbrook in his official capacity based on Eleventh Amendment immunity, along with the claims for denial of family visits, violations of due process and equal protection under the Fourteenth Amendment, and the state law tort claims. *Id.* at 6–10. Although the court found it unlikely that Plaintiff could cure the deficiencies in his Complaint, he was given an opportunity

---

[1] The court uses the CM/ECF page numbers.

2

to file an amended complaint or file a notice of voluntary dismissal by July 24, 2024. *Id.* at 10–11.

On July 16, 2024, Plaintiff filed a Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a) as to Warden Holbrook. Dkt. 20. Plaintiff did not include the CDCR in the dismissal notice, and he did not file an amended complaint. As discussed in the screening order, the CDCR is immune from suit with respect to claims brought under 42 U.S.C. § 1983. *See* Dkt. No. 17 at 5–6. Eleventh Amendment immunity also applies to state law claims brought in federal court. *Pennhurst v. State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *C.N. v. Wolf*, 410 F. Supp. 2d 894, 900 (C.D. Cal. 2005) (holding Eleventh Amendment immunity barred claims against CDCR under various California civil rights statutes). While California has consented to be sued in its own courts under the California Tort Claims Act, such consent does not constitute consent to suit in federal court. *See Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999); *BV Eng'g v. Univ. of Cal., L.A.*, 858 F.2d 1394, 1396 (9th Cir. 1988).

Accordingly, for the foregoing reasons, Defendant CDCR and this action are DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: September 6, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge